George COOPER, Claimant, Appellant,

v.

C. Gordon ANDERSON, Trustee of Re-Mark Chemical Co., Inc., Debtor, Appellee.

No. 18076.

United States Court of Appeals Fifth Circuit.

April 11, 1960.

N. J. Durant, Miami, Fla., for appellant.

Robert A. Peterson, Miami Beach, Fla., Copeland, Therrel, Baisden & Peterson, Miami Beach, Fla., for appellee.

Before RIVES, Chief Judge, and TUTTLE and WISDOM, Circuit Judges.

PER CURIAM.

George Cooper, d/b/a Glade and Grove Supply Co., filed two claims against the trustee in bankruptcy of the estate of Re-Mark Chemical Co., Inc. Claim No. 53–A was in the amount of $17,591.20, for the payment of which Cooper asserted an equitable lien upon such merchandise as was in the possession of Re-Mark at the time of the institution of the bankruptcy proceedings and also at the time of the turnover under the plan approved by the district court. Claim No. 53–B was in the amount of $16,205.-18, which Cooper claimed Re-Mark held in trust for his benefit.

Much confusion is occasioned by the fact that the trustee's written objection to the claims was based upon the sole ground "that the said claim is not an obligation of the corporate debtor, but is an individual obligation of another party." However, upon the hearing before the referee in bankruptcy as special master, issues not raised by the pleadings were tried without objection. Compare Rule 15(b), Federal Rules of Civil Procedure, 28 U.S.C.A. The ledger sheets of Re-Mark, introduced without objection, showed a valid compulsory counterclaim [see Rule 13(a), Federal Rules of Civil Procedure] against Claim No. 53–A

in the amount of $40,629.79, that is, more than enough to offset said claim.

Claim No. 53–B represents the proceeds of the sale of securities made by David Marks under a written power of attorney from Cooper. Cooper testified that Marks did not turn those proceeds over to him, but told him that he had turned them over to Re-Mark Chemical Company, of which Marks was then President. The books of Re-Mark Chemical Company did not disclose the receipt of such proceeds. Marks was not called as a witness, and there was no evidence that Re-Mark ever actually received the proceeds of sale of those securities, except Cooper's hearsay testimony of Marks' self-serving statement to him. Moreover, the $40,629.79 which Re-Mark's books showed to be owing by Cooper was more than enough to offset both Claim No. 53–A and Claim No. 53–B. The trustee did not ask for judgment for the excess.

Both claims were properly disallowed because there was no debt due. It is not necessary, therefore, to decide whether Claim No. 53–A would have been secured by an equitable lien, or whether Claim No. 53–B created any trust relationship. The judgment was right, and it is

Affirmed.